United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-40175
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

DORA ANN ROCHA,

Defendant-

Appellant.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-523-ALL
--------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dora Ann Rocha appeals the 24-month sentence imposed following her convictions for transporting illegal aliens within the United States. She argues that the district court erred in increasing her offense level by three levels because the offense "involved intentionally or recklessly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

creating a substantial risk of death or serious bodily injury to another person," under U.S.S.G. § 2L1.1(b)(5).

Following *United States v. Booker*, 543 U.S. 220 (2005), this court continues to review the district court's application of the Guidelines de novo and its factual findings for clear error. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005); *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005). The facts of Rocha's case are undisputed, and the question for this court is a strictly legal one to be reviewed de novo: "Whether [Rocha's] conduct in transporting the illegal aliens qualifies as 'intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person' as required for a § 2L1.1(b)(5) sentence enhancement." *See United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005).

The sentencing transcript reflects that the district court overruled Rocha's objection to the enhancement because two of the illegal aliens she was transporting in her truck were not wearing seatbelts. Recently, in *Solis-Garcia*, 420 F.3d at 516, this court determined that the § 2L1.1(b)(5) enhancement "does not extend so far as to increase punishment for offenders simply for transporting illegal aliens without requiring them to wear seatbelts." Further, Rocha's transportation of six individuals in the cab of a pickup truck designed to seat five does not approach the overcrowding present in other cases in which the § 2L1.1(b)(5) enhancement has been upheld. *Id*. Thus, the district court erred in applying the § 2L1.1(b)(5) enhancement in the instant case. Accordingly, Rocha's sentence is vacated and the case remanded for resentencing in accordance with this opinion. *See Solis-Garcia*, 420 F.3d at 516; *see also Villegas*, 404 F.3d at 362.

VACATED AND REMANDED.